KTC:MLM
F.#2006R01675, 2006R00214

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

DAVID BERRIOS,
  also known as "Gasper,"
PEDRO MARTINEZ,
  also known as "Spider"
  and "Psycho," and
AMILCAR GOMEZ,
  also known as "Goofy,"

          Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 06-613 (S-2)(SJ)
(T. 18, U.S.C., §§
924(c)(1)(A)(i), 1959(a)(1),
1959(a)(3), 1959(a)(5),
1962(d), 1963, 2
and 3551 et seq.)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ JUN 20 2007 ★
BROOKLYN OFFICE

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

    At all times relevant to this Superseding Indictment:

The Enterprise

    1. La Mara Salvatrucha, also known as the "MS-13," (hereinafter the "MS-13" or "the enterprise") was a gang comprised primarily of immigrants from Central America, with members located throughout Queens, New York, Long Island, New York and elsewhere. Members and associates of the MS-13 have engaged in narcotics trafficking and acts of violence, including murder, attempted murder, robbery and assault.

    2. The defendants DAVID BERRIOS, also known as "Gasper," AMILCAR GOMEZ, also known as "Goofy," and PEDRO

MARTINEZ, also known as "Spider" and "Psycho," were members of the MS-13.

3.   The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.   The purposes of the enterprise included the following:

   a.   Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

   b.   Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

   c.   Keeping victims and rivals in fear of the enterprise and its members and associates.

d. Enriching the members and associates of the enterprise through criminal activity, including robbery and narcotics trafficking.

### Means and Methods of the Enterprise

5. Among the means and methods by which the defendant and his associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a. Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

b. Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations.

c. Members of the enterprise and their associates used, attempted to use, and conspired to use robbery and narcotics trafficking as means of obtaining money.

### COUNT ONE
(Racketeering Conspiracy)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between January 1998 and October 2006, both dates being approximate and inclusive, within the

4

Eastern District of New York and elsewhere, the defendants DAVID BERRIOS, also known as "Gasper," and AMILCAR GOMEZ, also known as "Goofy," together with others, being persons employed by and associated with the MS-13, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

8. The pattern of racketeering activity through which the defendants DAVID BERRIOS and AMILCAR GOMEZ agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth as Racketeering Acts One through Five of this Superseding Indictment. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

### RACKETEERING ACT ONE
(Conspiracy to Distribute Cocaine)

9. In or about and between January 1998 and December 2002, within the Eastern District of New York and elsewhere, the defendant DAVID BERRIOS, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II

Case 1:06-cr-00613-SJ   Document 38   Filed 06/20/07   Page 5 of 11 PageID #: 140

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### RACKETEERING ACT TWO
(Distribution of Cocaine)

10. On or about August 6, 1999, within the Eastern District of New York, the defendant DAVID BERRIOS, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### RACKETEERING ACT THREE
(Attempted Murder)

11. On or about September 15, 2001, within the Eastern District of New York, the defendant DAVID BERRIOS, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT FOUR
(Attempted Murder)

12. On or about September 15, 2001, within the Eastern District of New York, the defendant AMILCAR GOMEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, whose identity is known to

6

the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT FIVE
(Murder)

13. On or about March 1, 2003, within the Eastern District of New York, the defendant AMILCAR GOMEZ, together with others, did knowingly and intentionally cause the death of another person, to wit: Pedro Martinez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

### COUNT TWO
(Firearms Possession)

14. In or about and between January 1998 and October 2006, within the Eastern District of New York and elsewhere, the defendants DAVID BERRIOS, also known as "Gasper," and AMILCAR GOMEZ, also known as "Goofy," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess a firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

7

## COUNT THREE
(Assault with a Dangerous Weapon)

15. The MS-13, as more fully described in paragraphs 1 through 5, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

16. The MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder and robbery, in violation of the laws of the State of New York, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

17. On or about September 15, 2001, within the Eastern District of New York, the defendants DAVID BERRIOS, also known as "Gasper," and PEDRO MARTINEZ, also known as "Spider" and "Psycho," together with others, for the purpose of maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #1, whose identity is

8

known to the Grand Jury, with a dangerous weapon, to wit: a knife and a car, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FOUR
(Attempted Murder)

18. The allegations contained in paragraphs 15 and 16 are realleged and incorporated as if fully set forth in this paragraph.

19. On or about September 15, 2001, within the Eastern District of New York, the defendants DAVID BERRIOS, also known as "Gasper," and PEDRO MARTINEZ, also known as "Spider" and "Psycho," together with others, for the purpose of maintaining and increasing their positions in the MS-13, an enterprise that was engaged in racketeering activity, did knowingly and intentionally attempt to murder an individual, to wit: John Doe #1, whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FIVE
(Murder)

20. The allegations contained in paragraphs 15 and 16 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about March 1, 2003, within the Eastern District of New York, the defendant AMILCAR GOMEZ, also known as "Goofy," together with others, for the purpose of maintaining and increasing his position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Pedro Martinez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

#2006R01675, 2006R00214

FORM DBD-34
JUN 85

No. **06-CR-613 (S-2)(SJ)**

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

DAVID BERRIOS, also known as "Gasper,"
PEDRO MARTINEZ, also known as "Spider" and "Psycho," and
AMILCAR GOMEZ, also known as "Goofy,"

Defendants

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 1959(a)(1), 1959(a)(3), 1959(a)(5), 1962(d), 1963, 2 and 3551 et seq.)

*A true bill*

_____
                                 *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* ____

_____
                                    *Clerk*

*Bail, $* _____

*Marshall Miller, Assistant U.S. Attorney (718-254-6421)*

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. David Berrios, et al.**

2. Related Magistrate Docket Number(s):

    None (X)

3. Arrest Date:

4. Nature of offense(s):  ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):

    06-CR-620 (SJ)

    FILED
    IN CLERK'S OFFICE
    U.S. DISTRICT COURT E.D.N.Y.
    ★ JUN 20 2007 ★
    BROOKLYN OFFICE

6. Projected Length of Trial:   Less than 6 weeks   (X)
   More than 6 weeks   ( )

7. County in which crime was allegedly committed: __Queens__ (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   ( ) Yes   (X) No

9. Have arrest warrants been ordered?   ( ) Yes   (X) No

                               ROSLYNN R. MAUSKOPF
                               UNITED STATES ATTORNEY

                        By:    _____
                               Marshall Miller
                               Assistant U.S. Attorney
                               718-254-7553

Rev. 3/22/01